[Civ. No. 2349. First Appellate District.—June 22, 1918.]

## HOLLAND-MEISELL COMPANY (a Corporation), Respondent, v. J. A. KELLY, Appellant.

ACTION FOR GOODS SOLD—PURCHASE FROM AGENT—RIGHT TO SUE—ESTOPPEL.—In an action on an account for goods sold by plaintiff as agent, the defendant is estopped from asserting that plaintiff had not the right to sue on the claim, where he bought with knowledge that by plaintiff's agency contract plaintiff guaranteed payment within a certain time, regardless of whether he received payment from the defendant or not.

APPEAL from a judgment of the Superior Court of Fresno County. H. Z. Austin, Judge.

The facts are stated in the opinion of the court.

U. Grant Hayden, for Appellant.

Short & Sutherland, and Carl E. Lindsay, for Respondent.

BEASLY, J., *pro tem.*—The Holland-Meisell Company had judgment against Kelly for $635.25 on October 1, 1917, from which Kelly appeals. The plaintiff was the agent of the Grand Lake Company, a paper manufacturing concern of the state of Maine, under an agreement—the terms of which were known to Kelly—by which the Holland-Meisell Company was held responsible for the solvency of all credit extended by it in the state of California upon sales of goods of the Grand Lake Company. By the terms of this contract the plaintiff guaranteed the payment of all accounts for goods of the Grand Lake Company sold by it within seventy-five days from the date of sale, and agreed to pay for all goods taken from consigned stock of the Grand Lake Company within seventy-five days whether or not it had received payment therefor from the customer. Kelly had been a member of the Holland-Meisell Company when this contract was entered into, and, as we have said, was familiar with the obligations of the Holland-Meisell Company to the Grand Lake Company under the contract. The complaint was upon an account for paper sold and delivered from stock in the possession of the plaintiff under its contract with the Grand

Lake Company. Kelly answered the complaint with a cross-complaint, in which he set up that the plaintiff was the agent of the Grand Lake Company in all the transactions set forth in the complaint, and that as such agent it had sold to him a carload of paper, which the Grand Lake Company had refused to deliver, to his damage in a sum considerably larger than the amount of the judgment afterward given against him.

The defense may be treated as an answer to the plaintiff's claim, upon the ground that the Holland-Meisell Company is not the true party in interest and that the action should have been begun in the name of the Grand Lake Company, and, upon the cross-complaint, as an assertion of a claim for damages to offset the demand sued upon.

Upon the first phase of the defense it may be said that as Kelly was thoroughly informed as to the obligations assumed by the Holland-Meisell Company upon the sale to him of the goods declared upon in the complaint, and knew that when that company sold him these goods it became obligated to the Grand Lake Company to pay for the same whether he paid the Holland-Meisell Company or not, he is clearly estopped from asserting that the plaintiff had not the right to sue him on this claim.

The carload sale was first discussed between Kelly and the plaintiff on or about the sixteenth day of November, 1915, and a verbal understanding seems to have been reached between them at that time that a carload of paper should be purchased by Kelly from the Grand Lake Company, to be delivered some time in February of the following year. The price of the carload was such that a verbal agreement to purchase the same, in the absence of delivery of a part thereof or part payment of the purchase price, would have been invalid under the statute of frauds. The trial court was, therefore, placed in the position where it was necessary for it to deduce the contract, if one was entered into, from the correspondence of the parties embraced in a great many letters which were introduced in evidence. It would be necessary, in order to understand the position in which the trial court was placed in construing these letters, to embrace practically the whole series in this opinion, and in the interest of brevity we do not feel justified in so doing. It seems sufficient for us to say on this point that, reading the

letters as a whole, it was evident that Mr. Kelly and Mr. Holland undertook to secure a carload of paper for Kelly from the Grand Lake Company for delivery in February at the price of the goods as it existed at the time of their conversation in November. This is shown sufficiently for present purposes by four or five quotations from letters that passed between the parties.

On November 15, 1915, Kelly wrote to the plaintiff cautioning it to be sure to protect him against the bag prices as they existed at that time. In answer to this letter the plaintiff informed Kelly: ''We are placing with the Grand Lake Company a car of bags at present price, to be delivered to you in February.'' On December 2, 1915, the plaintiff again wrote to Kelly, saying: ''The writer placed your order with the Grand Lake Company something over a week ago with the old price. I say old price because we received an advance of 10-5 per cent Monday. As to their acceptance we will advise you as soon as we get word if the car of bags are accepted by the Grand Lake Company,'' etc. On December 15, 1915, the plaintiff also wrote to the defendant saying that they did not believe there would be any question but that Kelly would be protected on the price, as the order was placed before the advance, and the Holland-Meisell Company did not see any chance of the Grand Lake Company repudiating it.

In the agreement between Holland and Kelly there had been no exact specification of the varieties of paper ordered by Kelly, and in response to a suggestion made by the plaintiff in a letter dated December 6, 1915, Kelly sent to the plaintiff a blanket order for a forty thousand pound car of grocers' bags. This order specified that Kelly confirmed the verbal order given to Holland on November 16th, and said that specifications for the car would follow in a week or so.

Practically this illustrates the character of the correspondence between these parties. The Holland-Meisell Company now contends that it had no authority to sell a carload of paper except subject to confirmation of the manufacturers, and that all they undertook to do was to order the goods from the Grand Lake Company subject to confirmation by the latter. It appears from the contract that carload orders were to be taken by the Holland-Meisell Company subject to credit regulations of the Grand Lake Company. We have

read all this correspondence with care, and are unable to say that the construction placed thereon by the trial court was not correct. It seems to us indeed that Mr. Holland, a former partner of Mr. Kelly, was endeavoring to secure for the latter a carload of paper at the prices as they existed in November, when the prices were gradually rising, and that Mr. Kelly, having found that the Holland-Meisell Company was unable to do this, laid the foundation for his cross-complaint in this action. Indeed, the verity of this view seems apparent from one of his letters to plaintiff, a portion of which is as follows: "It seems taking quite an unfair advantage of your firm, but it will put you in a much better shape to go to the Grand Lake Company and insist upon them filling this order when you can show them that we are withholding practically $500 from your firm as a guarantee that you will live up to your contract. We, of course, expect that you will deduct this from your report to the Grand Lake Company so it will not seriously interfere with your own affairs." This last quotation seems to us conclusive as to the intention of the parties, and it does not appear to us that the plaintiff ever undertook to make to Kelly, or that he ever understood that it was making to him, an outright sale of the carload of goods, but rather that it was simply placing an order subject to confirmation by the Grand Lake Company.

The judgment is affirmed.

Kerrigan, J., and Zook, J., *pro tem.*, concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on July 22, 1918.